IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01480-BNB

PAUL ROBERT GRAHAM,

Applicant,

v.

RICHARD SMALSER, Warden, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 08 2010

GREGORY C. LANGHAM
CLERK

ORDER OF DISMISSAL

Applicant, Paul Robert Graham, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Graham initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Denver District Court case numbers 06CR404, 06CR405, 06CR406, and 06CR1271. He has paid the $5.00 filing fee.

On July 13, 2010, Magistrate Judge Boyd N. Boland ordered Respondents to file a pre-answer response within twenty-one days limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under § 2254(b)(1)(A). On July 28, 2010, Respondents filed their pre-answer response. On August 16, 2010, Mr. Graham filed a reply.

The Court must construe liberally Mr. Graham's filings because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On January 23, 2006, Mr. Graham was charged in three cases in Denver District Court: Nos. 06CR404, 06CR405, 06CR406. In No. 06CR404, Mr. Graham was charged with one count of theft by receiving. In No. 06CR405, he was charged with two counts of conspiracy to commit aggravated motor theft in the first degree and one count of theft by receiving. In No. 06CR406, he was charged with one count of possession of a controlled substance and one count of possession with intent to distribute a controlled substance.

On March 1, 2006, he was charged in a fourth case, No. 06CR1271, with four counts of distribution of a controlled substance and four counts of possession of a controlled substance.

On January 5, 2007, a plea agreement was reached in all four cases. Mr. Graham agreed to plead guilty to (1) theft by receiving in No. 06CR404, (2) theft by receiving in No. 06CR405, (3) possession with intent to distribute a controlled substance in No. 06CR406, and (4) distribution of a controlled substance in No. 06CR1271. As part of the disposition, the prosecution agreed to dismiss all remaining charges in the four cases, as well as all of the charges in two other pending cases, and agreed not to file habitual criminal charges. On February 16, 2007, Mr. Graham was sentenced in each case to sixteen years and six months in the DOC, followed by five years of parole. All of the sentences were to run concurrently. Mr. Graham did not appeal directly from his convictions or sentences.

On December 3, 2008, Mr. Graham filed identical postconviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, attacking his convictions in all four cases. *See* answer, ex. A at 3, ex. B at 4, ex. C at 4, and ex. D at 5. On December 22, 2008, the trial court denied the motions. *See id.*; *see also* answer, ex. I at app. 32-33. On December 10, 2009, the Colorado Court of Appeals affirmed. *See People v. Graham*, No. 09CA0550 (Colo. Ct. App. Dec. 10, 2009) (answer, ex. H). On May 24, 2010, the Colorado Supreme Court denied certiorari review. *See* answer, ex. J.

On June 16, 2010, Mr. Graham submitted the instant application to this Court, which filed the application on June 23, 2010. He asserts two claims that:

> (1) his right to due process was violated when the police falsified their reports and the reports were not provided to the defense prior to his entering his guilty pleas; and
>
> (2) he received ineffective assistance of plea counsel, and the trial court erred in not holding an evidentiary hearing on this claim.

Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in

3

> violation of the Constitution or laws of the
> United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the
> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on collateral
> review; or
>
> (D) the date on which the factual predicate of
> the claim or claims presented could have been
> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. As previously stated, Mr. Graham was sentenced on February 16, 2007, and did not appeal directly from the judgments of conviction. Mr. Graham had forty-five days, or until April 2, 2007, to file an appeal. *See* Colo. R. App. P. 4(b). Therefore, his conviction became final on April 2, 2007, when the time for filing an appeal expired.

Mr. Graham does not allege that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced, or that unconstitutional state-imposed impediments prevented him from filing the instant action sooner. Therefore, the one-

year limitation period began to run on April 3, 2007, the day after his conviction became final, and expired on April 2, 2008.

Mr. Graham did not file his Colo. R. Crim. P. 35(c) postconviction motion until December 3, 2008, 245 days after the one-year limitation period expired. The Colo. R. Crim. P. 35(c) motion did not toll the one-year limitation period because it was filed after the one-year limitation period expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by [the Antiterrorism and Effective Death Penalty Act (AEDPA)] will toll the statute of limitations"). Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560, 2562 (2010); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence. *See Holland*, 130 S. Ct. at 2565, and it is the inmate's "strong burden" to "allege with specificity 'the steps he took to diligently

pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Mr. Graham fails to allege facts that might justify equitable tolling of the one-year limitation period. He does not allege that he has been pursuing his claims diligently or that some extraordinary circumstance prevented him from filing the instant action in a timely manner. Therefore, the application will be denied and the action dismissed as barred by the one-year limitation period. Because the Court will dismiss the instant action as time-barred, Respondents' remaining arguments concerning Mr. Graham's exhaustion of his federal constitutional claims need not be addressed.

Accordingly, it is

ORDERED that the habeas corpus application is denied, and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this  8th  day of   September  , 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01480-BNB

Paul Robert Graham
Prisoner No. 91963
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Katherine A. Hansen
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/8/10

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk