IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01480-ZLW

PAUL ROBERT GRAHAM,

    Applicant,

v.

RICHARD SMELSER, Warden, and
JOHN SUTHERS, the Attorney General of the State of Colorado,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 0 5 2011

GREGORY C. LANGHAM
                    CLERK

## ORDER DENYING MOTION TO RECONSIDER

Applicant, Paul Robert Graham, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. He initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his convictions in Denver District Court case numbers 06CR404, 06CR405, 06CR406, and 06CR1271. On September 8, 2010, the Court denied the habeas corpus application and dismissed the action. The judgment was entered on the same day. On September 17, 2010, Mr. Graham filed *pro se* a petition asking the Court to reconsider and vacate the dismissal order and judgment.

On September 27, 2010, the Court entered a minute order directing Respondents, within twenty-one days, to respond to the September 17 petition. On October 28, 2010, after being granted an extension of time, Respondents filed a response. On November 4, 2010, Mr. Graham filed a reply.

The Court must construe Mr. Graham's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The September 17 petition will be construed liberally a motion to reconsider and, for the reasons stated below, will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Graham's petition to reconsider pursuant to Rule 59(e) because it was filed within twenty-eight days after the judgment was entered in this action on September 8, 2010. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion). The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

The Court denied the application and dismissed the instant action as barred by the one-year limitation period in 28 U.S.C. § 2244(d). Although the reasons for the

2

dismissal are discussed in detail in the September 8 dismissal order, the Court will provide a brief summary as background.

On January 23, 2006, Mr. Graham was charged in three cases in Denver District Court: Nos. 06CR404, 06CR405, 06CR406. In No. 06CR404, Mr. Graham was charged with one count of theft by receiving; in No. 06CR405, he was charged with two counts of conspiracy to commit aggravated motor theft in the first degree and one county of theft by receiving; in No. 06CR406, he was charged with one count of possession of a controlled substance and one count of possession with intent to distribute a controlled substance. On March 1, 2006, Mr. Graham was charged in a fourth case, No. 06CR1271, with four counts of distribution of a controlled substance and four counts of possession of a controlled substance.

On January 5, 2007, a plea agreement was reached in all four cases. Mr. Graham agreed to plead guilty to (1) theft by receiving in No. 06CR404, (2) theft by receiving in No. 06CR405, (3) possession with intent to distribute a controlled substance in No. 06CR406, and (4) distribution of a controlled substance in No. 06CR1271. As part of the disposition, the prosecution agreed to dismiss all remaining charges in the four cases, as well as all of the charges in two other pending cases, and agreed not to file habitual criminal charges. On February 16, 2007, Mr. Graham was sentenced in each case to sixteen years and six months in the DOC, followed by five years of parole. All of the sentences were to run concurrently. Mr. Graham did not appeal directly from his convictions or sentences. On November 28, 2007, the sentencing court amended the mittimus to reflect the proper amount of presentence confinement credit. The motions he subsequently filed for rehearing regarding

presentence confinement credit were denied.

On December 3, 2008, Mr. Graham filed identical postconviction motions pursuant to Rule 35(c) of the Colorado Rules of Criminal Procedure, attacking his convictions in all four cases. *See* answer, ex. A at 3, ex. B at 4, ex. C at 4, and ex. D at 5. On December 22, 2008, the trial court denied the motions. *See id.*; *see also* answer, ex. I at app. 32-33. On December 10, 2009, the Colorado Court of Appeals affirmed. *See People v. Graham*, No. 09CA0550 (Colo. Ct. App. Dec. 10, 2009) (answer, ex. H). On May 24, 2010, the Colorado Supreme Court denied certiorari review. *See* answer, ex. J.

On June 16, 2010, Mr. Graham submitted the instant application to this Court, which filed the application on June 23, 2010. In their original pre-answer response, Respondents argued that Mr. Graham's conviction was final and the one-year limitation period began to run on April 2, 2007, when the forty-five-day time period for filing an appeal expired. In his motion to reconsider, Mr. Graham argues that his sentence did not become final until January 14, 2008, forty-five days from November 28, 2007, when the mittimus was amended, plus two days from January 12, 2008, which fell on a Saturday, until the following Monday. Therefore, he contends that the one-year limitation period should begin on January 14, 2008.

However, Mr. Graham has failed to provide, and the Court's independent research has not revealed, any authority of the Tenth Circuit Court of Appeals indicating that the one-year limitation period must be calculated from the date a mittimus is corrected rather than from the date of the original sentence. Moreover, the two claims

Mr. Graham asserts relate to his original conviction, which was not affected by amendment of the mittimus. Those claims are that:

> (1) his right to due process of the law was violated when the police falsified their reports and these reports were not provided to the defense prior to his entering his guilty pleas, and
>
> (2) he received ineffective assistance of plea counsel, and the trial court erred in not holding an evidentiary hearing on this claim.

Therefore, Mr. Graham fails to persuade the Court that the one-year limitation period should run from January 14, 2008, when the appeal time expired after the mittimus was amended. The Court again finds that the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

As discussed in the dismissal order, 28 U.S.C. § 2244(d) is subject to equitable tolling in appropriate cases. **Holland v. Florida**, 130 S. Ct. 2549, 2560, 2562 (2010); **see also Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998) (the one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. **See Gibson v. Klinger**, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. **See id**. Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims with reasonable diligence. **See Holland**, 130 S. Ct. at 2565, and it is the inmate's "strong burden" to

5

"allege with specificity 'the steps he took to diligently pursue his federal claims.'" **Yang v. Archuleta**, 525 F.3d 925, 928, 930 (10th Cir. 2008) (quoting **Miller**, 141 F.3d at 978).

Mr. Graham argues that he did not receive the police reports upon which his claims are based until after he pleaded guilty. Therefore, he appears to assert the limitations period should be tolled pursuant to § 2244(d)(1)(D). However, he fails to make any factual allegations as to when he obtained the police reports and the diligence he exercised in attempting to discover the reports. His allegation that he filed **pro se** a single motion for discovery before he pleaded guilty does not demonstrate diligence. Because Mr. Graham fails to allege when the reports were discovered and the steps he took to discover them, he has failed to convince the Court that he exercised the diligence necessary to justify equitable tolling.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Graham fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Graham fails to demonstrate the existence of an intervening change in controlling law or new evidence and he fails to convince the Court of any need to correct clear error or prevent manifest injustice. The motion to reconsider will be denied. Accordingly, it is

ORDERED that the document titled "Applicant's Petition for Reconsideration of the Order of Dismissal Dated September 8, 2010" that Applicant, Paul Robert Graham, filed **pro se** on September 17, 2010, and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this __4th__ day of __January__, 2011.

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01480-BNB

Paul Robert Graham
Prisoner No. 91963
Crowley County Corr. Facility
6564 State Hwy. 96
Olney Springs, CO 81062-8700

Katherine A. Hansen
Senior Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on January 5, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk